WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Roy Babitt, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys appearing:  Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MORGAN & FINNEGAN, L.L.P.,<br><br>        Debtor. | Chapter 7<br><br>Case No. 09-11203 (RDD) |
| ROY BABITT, Trustee for the Chapter 7<br>Estate of MORGAN & FINNEGAN, L.L.P.,<br><br>       Plaintiff,<br><br>    -against-<br><br>TOD M. MELGAR,<br><br>        Defendant. | Adv. Pro. No. 11-_____(RDD) |

<u>**COMPLAINT**</u>

  Plaintiff Roy Babitt (the "Plaintiff" or the "Trustee"), as trustee for the chapter 7 estate of Morgan & Finnegan, L.L.P. (the "Debtor"), by and through his successor attorneys, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), for his Complaint against defendant Tod M. Melgar ("Defendant"), upon knowledge with respect of his own acts and upon information and belief with respect to all other matters, alleges as follows:

<u>**Nature of the Action**</u>

  1.  By this action, the Plaintiff seeks the entry of a judgment against Defendant (a) avoiding as preferences and/or fraudulent conveyances Debtor's pre-petition transfers of its

property to or for the benefit of Defendant while the Debtor was insolvent; (b) directing that any such avoided transfers be set aside; (c) granting to the Plaintiff recovery of any such avoided transfers, with interest, for the benefit of the creditors of the Debtor's estate; (d) awarding to the Plaintiff the fees, costs and disbursements of this action; and (e) granting such other and further relief as this Court deems just and proper.

## Jurisdiction, Venue and Statutory Bases

2.      The Court has jurisdiction over this complaint under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Venue of this case and the motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 547(b), 550(a) and 551 of title 11, United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"); Rule 7001 of the Federal Rules of Bankruptcy Procedure; and New York Debtor and Creditor Law §§ 271-79. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (H).

## The Parties

3.      The Plaintiff is the duly appointed permanent trustee for the Debtor's estate, and is authorized under section 323 of the Bankruptcy Code to commence, prosecute and settle on behalf of the Debtor and its bankruptcy estate any and all actions arising under the Bankruptcy Code.

4.      Upon information and belief, Defendant Tod M. Melgar is an individual and maintains his residence in Garden City, New York.

5.      Defendant was an equity partner of the Debtor and is an "insider" pursuant to Bankruptcy Code § 101(31).

## Procedural Background

6.       On March 17, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").

7.       Thereafter, Roy Babitt was appointed interim trustee by the United States Trustee (the "UST") pursuant to sections 701(a) and (c) of the Bankruptcy Code. The Trustee has since qualified and is serving as permanent trustee under section 702 (d) of the Bankruptcy Code.

8.       Upon application of Roy Babitt and by Order dated April 30, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the Trustee's employment and retention of Arent Fox, LLP ("Arent Fox") as his counsel.

9.       The Trustee subsequently retained Windels Marx as successor counsel to replace Arent Fox as his counsel pursuant to the Bankruptcy Court's Order dated August 19, 2010.

## Relevant Facts

10.       The Debtor, formerly one of the world's oldest intellectual property law firms, began experiencing significant financial problems in 2008 when its income plummeted to $3.2 million the entire year compared to $17.5 million in 2007. What is more, the $3.2 million was all earned in the first 6 months; the Debtor made no money in the second half of the year. The Debtor laid off lawyers and staff in August 2008, and began exploring other ways to drastically cut costs as more and more of its partners resigned from the firm.

11.       As such, this action (the "Adversary Proceeding") arises out of the Debtor's transfers to Defendant to or for the benefit of the Defendant while the Debtor had been insolvent

since July 1, 2008, if not earlier.

12.    While the Debtor was insolvent it made the following transfers of partnership property to Defendant as partner compensation in the total amount of $78,859.85 in the form of: (a) wires and/or checks from the Debtor's accounts at Citibank, N.A. and/or JPMorgan Chase Bank, N.A.; and (b) payments to third parties for the benefit of Defendant (collectively, the "Transfers"):

| 7/15/2008 | $ 9,600.00 |
|-----------|-----------|
| 7/30/2008 | $ 9,600.00 |
| 7/30/2008 | $ 3,157.13 |
| 8/15/2008 | $ 9,600.00 |
| 8/22/2008 | $ 290.77 |
| 8/28/2008 | $ 2,866.36 |
| 8/28/2008 | $ 9,600.00 |
| 9/15/2008 | $ 9,600.00 |
| 9/20/2008 | $ 1,865.46 |
| 9/29/2008 | $ 9,600.00 |
| 10/14/2008 | $ 9,600.00 |
| 10/24/2008 | $ 3,157.13 |
| 11/18/2008 | $ 33.00 |
| 11/22/2008 | $ 290.00 |
| TOTAL | $78,859.85 |

13.    In the alternative, to the extent that further discovery or further investigation by the Plaintiff reveals that some or all of the Transfers, are not for, or on account of, an antecedent debt, but the return of capital to the Defendant, the Plaintiff reserves his right to amend this Complaint and plead additional causes of action to avoid and recover the Transfers as fraudulent transfers under sections 548(a)(1)(B), 550(a) and 551 of the Bankruptcy Code.

14.    The Plaintiff's investigation is ongoing and the Plaintiff further reserves the right to (a) supplement the information regarding the Transfers and any additional transfers; and (b) seek recovery of such additional transfers.

## First Claim for Relief

### Avoidance and Recovery of Preferential Transfers
### Under Bankruptcy Code §§ 547(b), 550(a) and 551

15.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 of this Complaint.

16.     The Debtor made, or caused to be made, the Transfers for, or on account of, an antecedent debt for compensation to Defendant as an equity partner of the Debtor.

17.     Defendant was an equity partner of the Debtor and is an "insider" pursuant to § 101(31) of the Bankruptcy Code.

18.     The Transfers were made to or for the benefit of Defendant within one year of the Petition Date.

19.     The Transfers were made while the Debtor was insolvent.

20.     The Transfers enabled Defendant to receive more than he would receive as a distribution in this chapter 7 case if: (a) the Transfers had not been made; and (b) Defendant had received payment of the antecedent debt paid by the Debtor's estate to the extent provided by the Bankruptcy Code.

21.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

22.     As a result of the foregoing, pursuant to sections 547(b), 550(a) and 551 of the Bankruptcy Code the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, for the benefit of the Debtor's estate.

## Second Claim for Relief

### Avoidance and Recovery of Constructive Fraudulent Conveyances
### Under New York Debtor and Creditor Law §§ 273, 278 and/or 279,
### and Bankruptcy Code §§ 544(b), 550(a) and 551

23.      The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint.

24.      At all times relevant to the Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

25.      Each of the Transfers constituted a conveyance by the Debtor as defined under New York Debtor and Creditor Law ("DCL") section 270.

26.      The Defendant did not receive the Transfers in good faith pursuant to DCL section 272 by virtue of Defendant having been an equity partner of the Debtor while it was insolvent.

27.      The Debtor was insolvent, or became insolvent as a result of the Transfers.

28.      As a result of the foregoing, pursuant to DCL sections 273, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate.

## Third Claim for Relief

**Avoidance and Recovery of Constructive Fraudulent Conveyances
Under New York Debtor and Creditor Law §§ 274 and 278 and/or 279,
and Bankruptcy Code §§ 544(b), 550(a) and 551**

29.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of this Complaint.

30.     At all times relevant to the Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

31.     Each of the Transfers constituted a conveyance by the Debtor as defined under DCL section 270.

32.     The Defendant did not receive the Transfers in good faith pursuant to DCL section 272 by virtue of Defendant having been an equity partner of the Debtor while it was insolvent.

33.     At the time the Debtor made each of the Transfers, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Transfers was an unreasonably small capital.

34.     As a result of the foregoing, pursuant to DCL sections 274, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of Debtor's estate.

## Fourth Claim for Relief

### Avoidance and Recovery of Constructive Fraudulent Conveyances
### Under New York Debtor and Creditor Law §§ 275 and 278 and/or 279,
### and Bankruptcy Code §§ 544(b), 550(a) and 551

35.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 of this Complaint.

36.     At all times relevant to the Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

37.     Each of the Transfers constituted a conveyance by the Debtor as defined under DCL section 270.

38.     The Defendant did not receive the Transfers in good faith pursuant to DCL section 272 by virtue of Defendant having been an equity partner of the Debtor while it was insolvent.

39.     At the time Debtor made each of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

40.     As a result of the foregoing, pursuant to DCL sections 275, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate.

## Fifth Claim for Relief

### Avoidance and Recovery of Constructive Fraudulent Conveyances
### Under New York Debtor and Creditor Law §§ 277 and 278 and/or 279,
### and Bankruptcy Code §§ 544(b), 550(a) and 551

41.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 of this Complaint.

42.     At all times relevant to the Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

43.     Each of the Transfers constituted a conveyance, as defined under DCL section 270.

44.     The Transfers consisted of the Debtor's partnership property which the Defendant received while he was an equity partner of the Debtor.

45.     The Debtor was insolvent, or became insolvent as a result of the Transfers.

46.     As a result of the foregoing, pursuant to DCL sections 277, 278 and/or 279, and sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant as follows:

i.      On the First Claim for Relief, pursuant to sections 547(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding the Transfers as preferential transfers, (b) directing that the

Transfers be set aside, and (c) awarding recovery to the Plaintiff for the benefit of the creditors of the Debtor's estate for the full amount of the Transfers;

ii.      On the Second Claim for Relief, pursuant to DCL sections 273, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate;

iii.      On the Third Claim for Relief, pursuant to DCL sections 274, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate;

iv.      On the Fourth Claim for Relief, pursuant to DCL sections 275, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate;

v.      On the Fifth Claim for Relief, pursuant to DCL sections 277, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Debtor's estate;

vi.      On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004 awarding the Plaintiff prejudgment interest from the date on which the Transfers were received;

vii.      On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfers in favor of the Plaintiff for the benefit of the Debtor's estate; and

viii.    granting to the Plaintiff all applicable fees, costs and disbursements of this action**;**

and**;**

ix.    granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 15, 2011

WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Plaintiff*

By:    /s/ Alan Nisselson
       Alan Nisselson (anisselson@windelsmarx.com)
       156 West 56th Street
       New York, New York 10019
       (212) 237-1000